# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| VINCENT T. YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>MEG HEAP, District Attorney;<br>BOONE PHILLIPS, Assistant District<br>Attorney; and GILBERT STACY,<br>Public Defender,<br><br>    Defendants. | Case No. CV416-072 |

## REPORT AND RECOMMENDATION

Vincent Young -- for the third time in a little more than a year -- has filed a 42 U.S.C. § 1983 Complaint against District Attorney Meg Heap and his public defender (this time it's Gilbert Stacy). Doc. 1. Preliminary review[1] shows that his Complaint must be dismissed.

Young complains that his confessional affidavit (doc. 1 at 11), allegedly the only evidence against him in a state criminal case, lacks a

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct early screening of all suits filed by prisoners or detainees for the purpose of identifying claims that are subject to immediate dismissal because they are frivolous or malicious, fail to state a claim for relief, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A (which applies to prisoner/detainee complaints against governmental entities or officials, whether plaintiff is proceeding IFP or has paid the filing fee).

notary signature and is thus invalid. That, he says, gives rise to claims of prosecutorial misconduct, "malicious act, gross negligence in law, and abuse of process, as well as defamation of character." *Id.* at 12. Young asks for monetary relief only.

Like Young's previous cases, this one is dead on arrival. First, he may not employ § 1983 as a vehicle for seeking the dismissal of the state criminal proceedings, for "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier

2

release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).

Young says he only seeks money, though in the past he's always sought injunctive relief as well. *See, e.g. Young v. Heap*, CV415-018, doc. 1 at 6 (S.D. Ga. January 22, 2015). That doesn't change anything, however, because his claims necessarily imply the invalidity of the evidence against him in the state case. To grant relief, then, the Court would have to make findings that "indirectly . . . impl[y] the unlawfulness of the State's custody." *Wilkinson*, 512 U.S. at 481. Young may not use § 1983 to accomplish that goal, even if he only requests money. Habeas is his only option.[2]

---

[2] Before Young can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such a petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

Second, Young's damages claims against the defendants are legally unsupportable. Public defenders are not state actors for § 1983 purposes. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). And district attorneys (and their assistants) enjoy absolute immunity for conduct "intimately associated with the judicial phase of the criminal process," which securing an indictment certainly qualifies as. *Cotterman v. Creel*, 2015 WL 7003424 at * 4 (N.D. Fla. Oct. 19, 2015) (quoting *Burns v. Reed*, 500 U.S. 478, 484 (1991)).

Third, his defamation claim fails as a matter of law. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Walker v. Atlanta Police Dep't Public Affairs Unit*, 322 F. App'x. 809, 810 (11th Cir. 2009) ("[D]efamation by a police officer is not actionable under 42 U.S.C. § 1983"); *Lowe v. Dollison*, 2012 WL 1555446 at * 3 (E.D. Tex. Mar. 2, 2012) ("[D]efamation, libel, and slander are matters for state law and not the proper subject of a Section 1983 lawsuit. *See also Thomas v. Kipperman*, 846 F.2d 1009, 1010 (5th Cir. 1988) (rejecting defamation claim under Section 1983 by prisoner

against police officer, pawn shop owner, and sheriff).")." And to the extent Young "*sub silentio* seeks to masquerade a prosecutorial misconduct claim as a defamation claim, it is," as discussed above, "*Heck*-barred." *Bostic v. Knoche*, 2015 WL 9286571 at * 2 (S.D. Ga. Dec. 18, 2015).[3]

Given the sheer frivolity of Young's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile. Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g). Finally, Young's "motion of evidence" (doc. 6) is **DENIED**.[4]

---

[3] Although defamation falls outside § 1983's ambit, district courts have "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Nevertheless, when a court dismisses all "claims over which it has original jurisdiction," like Young's other § 1983 claims, it "may decline to exercise supplemental jurisdiction." *Id.* at (c). This case is the poster child for exercising that discretion. To the extent that the Court could hear his defamation claim under its supplemental jurisdiction, it should decline to do so.

[4] In that motion, Young raises a mass of claims for the first time. For instance, he says that the Chatham County Superior Court Clerk "deliberately participated in furnishing a fraud[ulent] indictment," apparently by signing and filing the document. Doc. 6-1 at 1. Boone Phillips and Meg Heap likewise participated in fraud by

5

Meanwhile, it is time for Young to pay his filing fee. His furnished PLRA[5] paperwork reflects $22.90 in average monthly deposits and a $7.54 average monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 5. He therefore owes an initial partial filing fee of $4.58. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's

---

indicting Young. *Id.* at 2. Both assertions, of course, are absurd (Young provides nothing beyond conclusions to support his wild accusations), as is his speculation that no grand jury proceeding ever took place. *Id.*

The bottom line is that Young simply cannot attack ongoing state court criminal proceedings in federal court for things like improper notarization of documents, or even ineffective assistance of counsel. Almost any claim he has related to the constitutionality of state proceedings or convictions (1) must wait until the conclusion of the state direct criminal appeal and state habeas proceedings, *see Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing *Younger v. Harris*, 401 U.S. 37 (1971)), and (2) must come in the form of a habeas petition. *See supra* at 2.

[5] The Prison Litigation Reform Act ("PLRA") requires the incremental collection of the filing fee from detainees who are allowed to proceed IFP. 28 U.S.C. § 1915(b), (h).

account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this  8th  day of August, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA